Exhibit G (2 of 2)

APPENDIX H

Participants Employed by International Finance Corporation Indices and Emerging Markets Data
Base ("*International*")

Notwithstanding any other provision of the Plan, in connection with the closing
on December 30, 1999 (the "*Closing Date*") of the transactions contemplated under the Asset
Purchase Agreement between the Corporation and International, the following shall occur:

1. After the Closing Date, employees of International as of the Closing Date
who become Employees of the Corporation and its Subsidiaries following the Closing
Date shall be given Continuous Service credit for their service with International prior to
the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and
vesting under the Plan (as provided in Section 10.1 of the Plan).

PA000081

APPENDIX I

Participants Employed by Rational Investors, Inc. ("*Rational*")

Notwithstanding any other provision of the Plan, in connection with the closing on July 30, 1999 (the "*Closing Date*") of the transactions contemplated under the Stock Purchase Agreement between the Corporation and Rational, the following shall occur:

1.      Rational shall become an Employer under the Plan effective as of the Closing Date.

2.      After the Closing Date, employees of Rational as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date shall be given Continuous Service credit for one year of their service with Rational prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan).

PA000082

## APPENDIX J

### Participants Employed by Telekurs Financial (*"Telekurs"*)

Notwithstanding any other provision of the Plan, in connection with the acquisition of Telekurs by the Corporation as of June 30, 1997 (the *"Closing Date"*) of such acquisition, the following shall occur:

1.   After the Closing Date, employees of Telekurs as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date shall be given Continuous Service credit for their service with Telekurs prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan).

PA000083

APPENDIX K

Participants Employed by Appleton & Lange Inc. ("*Appleton*")

Notwithstanding any other provision of the Plan, in connection with the closing on June 25, 1999 (the "*Closing Date*") of the transactions contemplated under the Stock Purchase Agreement between the Corporation and Appleton, the following shall occur:

1.      Appleton shall become an Employer under the Plan effective as of the Closing Date.

2.      After the Closing Date, employees of Appleton as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date shall be given Continuous Service credit for their service with Appleton prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan).

PA000084

APPENDIX L

Participants Employed by Optical Data ("*Optical*")

Notwithstanding any other provision of the Plan, in connection with the closing on October 19, 1998 (the "*Closing Date*") of the transactions contemplated under the Stock Purchase Agreement between the Corporation and Optical, the following shall occur:

1.    Optical shall become an Employer under the Plan effective as of the Closing Date.

2.    After the Closing Date, employees of Optical as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date shall be given Continuous Service credit for their service with Optical prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan).

PA000085

APPENDIX M

<u>Participants Employed by Xebec Interactive Learning ("*Xebec*")</u>

Notwithstanding any other provision of the Plan, in connection with the closing on the closing date (the "*Closing Date*") of the transactions contemplated under the Stock Purchase Agreement between the Corporation and Xebec, the following shall occur:

1.     Xebec shall become an Employer under the Plan effective as of the Closing Date.

2.     After the Closing Date, employees of Xebec as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date shall be given Continuous Service credit for their service with Xebec prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan).

PA000086

## APPENDIX N

### Participants Employed by Micropal Group ("*Micropal*")

Notwithstanding any other provision of the Plan, in connection with the closing on March 3, 1998 (the "*Closing Date*") of the transactions contemplated under the Stock Purchase Agreement between the Corporation and Micropal, the following shall occur:

1.    Micropal shall become an Employer under the Plan effective as of the Closing Date.

2.    After the Closing Date, employees of Micropal as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date shall be given Continuous Service credit for their service with Micropal prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan).

PA000087

APPENDIX O

Participants Employed by Tower Group International, Inc. ("*Tower*")

Notwithstanding any other provision of the Plan, in connection with the closing on February 29, 2000 (the "*Closing Date*") of the transactions contemplated under the Stock Purchase Agreement between The McGraw-Hill Companies, Inc. and FedEx Corporation ("*FedEx*"), dated February 16, 2000 (the "*Stock Purchase Agreement*"), the following shall occur:

1.    Tower shall cease to be an Employer under the Plan effective as of the Closing Date.

2.    After the Closing Date, no further Employer Contributions based upon Plan Earnings shall be allocated to Participants who are Employees of Tower as of the Closing Date ("*Tower Participants*").

3.    Tower Participants shall become fully vested in their Account Balances effective as of the Closing Date.

4.    The assets and liabilities of the Plan with respect to Tower Participants will be transferred to the Federal Express Corporation Profit Sharing Plan in accordance with Section 9(d)(viii) of the Stock Purchase Agreement and the provisions of the Internal Revenue Code, including Section 414(l) thereof, in a trust-to-trust transfer, subject to evidence satisfactory to the officers of The McGraw-Hill Companies, Inc. that FedEx has authorized such transfer upon such terms.

PA000088

APPENDIX P

Participants Employed by Dodge Printing Facility

Notwithstanding any other provision, in connection with the disposition of Dodge Printing Facility ("*Dodge*") by the Corporation as of December 16, 2000 (the "*Closing Date*") set forth in the Asset Purchase Agreement, the following shall occur:

1.    Dodge ceased to be an Employer under the Plan.

2.    No further Employer contributions based upon Plan Earnings shall be allocated to Participants who are Employees of Dodge as of the Closing Date.

3.    Participants were Employees of Dodge as of the Closing Date will became fully vested in their Employer Matching Contribution Accounts effective as of the Closing Date

PA000089

APPENDIX Q

<u>Participants Employed by Chemical Week and Modern Plastics</u>

Notwithstanding any other provision, in connection with the disposition of Chemical Week and Modern Plastics ("*Chemical*") by the Corporation as October 29, 1999 (the "*Closing Date*") set forth in the Asset Purchase Agreement, the following shall occur:

1.      Chemical's shall cease to be an Employer under the Plan.

2.      No further Employer contributions based upon Plan Earnings shall be allocated to Participants who are Employees of Chemical as of the Closing Date.

3.      Participants who are Employees of Chemical as of the Closing Date shall become fully vested in their Account Balances under the Plan.

PA000090

## APPENDIX R

### Participants Employed by MMS International

Notwithstanding any other provision, in connection with the disposition of MMS International ("*MMS*") by the Corporation as of September 6, 2002, (the "*Closing Date*") set forth in the Stock Purchase Agreement, the following shall occur:

1.      MMS shall cease to be an Employer under the Plan.

2.      Participants who are Employees of MMS as of the Closing Date will no longer be eligible to participate in the Plan and will cease to accrue any benefits under the Plan.

3.      Participants who are Employees of MMS as of the Closing Date shall become fully vested in the benefits accrued on their behalf under the Plan prior to the Closing Date.

PA000091

APPENDIX S

Participants Employed by S&P ComStock

Notwithstanding any other provision, in connection with the disposition of S&P ComStock, Inc. ("*ComStock*") by the Corporation as of February 28, 2003 (the "*Closing Date*") set forth in the Stock Purchase Agreement, the following shall occur:

1.    ComStock shall cease to be an Employer under the Plan.

2.    Participants who are Employees of ComStock as of the Closing Date will no longer be eligible to participate in the Plan and will cease to accrue any benefits under the Plan.

3.    Participants who are Employees of ComStock as of the Closing Date shall become fully vested in their Accounts under the Plan prior to the Closing Date.

PA000092

APPENDIX T

Participants Employed by the McGraw-Hill Broadcasting Company, Inc.

Effective January 1, 2004, the Broadcasting EIP will be merged into the Plan. Thus, as of such date:

1.    the account balances of Broadcasting Employees who were participants in the Broadcasting EIP on December 31, 2003, will be transferred to the Trust Fund in a trust-to-trust transfer as of the close of business on December 31, 2003;

2.    such transferred accounts will be fully vested and nonforfeitable;

3.    the McGraw-Hill Broadcasting Company, Inc. will become a participating Employer as of January 1, 2004; and

4.    any outstanding loans under the Broadcasting EIP shall be transferred to the Plan and shall be subject to the original terms and conditions applicable to such loans under the Broadcasting EIP.

PA000093

## APPENDIX U

### Participants Employed by J.J. Kenny Drake, Inc.

Notwithstanding any other provision, in connection with the disposition of J.J Kenny Drake, Inc. ("*Kenny*") by the Corporation as of March 8, 2004 (the "*Closing Date*") set forth in the agreement between the Corporation and Kenny, effective as of the Closing Date, the following shall occur:

1.    As of the Closing Date, Kenny shall cease to be an Employer under the Plan.

2.    After the Closing Date, Participants who are employees of Kenny shall not be eligible to make Tax-Deferred Contributions or After Tax Contributions and no further Employer contributions of any kind, including, without limitation, Employer Matching Contributions, shall be allocated to Participants who are Employees of Kenny as of the Closing Date.

3.    Effective as of the Closing Date, Participants who are Employees of Kenny as of the Closing Date shall become fully vested in their Employer Matching Contribution Accounts under the Plan prior to the Closing Date.

PA000094

APPENDIX V

Participants Employed by Grow Network/McGraw-Hill ("*Grow*")

In connection with the closing on July 16, 2004 (the "*Closing Date*") of the transaction contemplated by the Agreement and Plan of Merger between The McGraw-Hill Companies, Inc., MHG Acquisition Corp., a wholly-owned subsidiary of The McGraw-Hill Companies, Inc., and Grow Network/McGraw-Hill (formerly Grow.net, Inc.), dated July 16, 2004, the following new Appendix V is added to the Plan, effective as of the dates indicated:

       1.      Grow shall become an Employer as of the Closing Date.

       2.      (a)  After the Closing Date through June 30, 2005, employees of Grow as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date shall be given Continuous Service credit for their service with Grow prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan).

       (b)  Effective as of July 1, 2005 (the "*Grow Merger Date*"), service with Grow shall be considered as Continuous Service under the Plan subject to the definition of Continuous Service.

       3.      Effective as of the Grow Merger Date, the assets and liabilities of the Grow Network/McGraw-Hill 401(k) Profit Sharing Plan and Trust (the "*Grow Plan*") shall be merged into the Plan and the Trust Fund in a trust-to-trust transfer in accordance with the Internal Revenue Code, including, without limitation, Section 414(l) of the Internal Revenue Code. The assets and liabilities of the Grow Plan so transferred to the Plan shall be separately accounted for and shall be subject to Plan provisions, subject to this Appendix V.

       4.      Any outstanding loans under the Grow Plan as of the Grow Merger Date shall be transferred to the Plan on the Grow Merger Date and shall be subject to the original terms and conditions applicable to such loans under the Grow Plan.

       5.      (a)  Effective as of July 1, 2005, a Participant who is a participant in the Grow Plan as of the Grow Merger Date (a "*Former Grow Participant*") who is an Eligible Employee may elect to make the following in-service withdrawals solely with respect to the portion of his Account attributable to the assets transferred to the Plan from the Grow Plan (including gains and losses thereon) in respect of such Former Grow Participant (the "*Grow Account*"):

       (i)      an in-service withdrawal of all, or any portion, of before-tax contributions in his Grow Account after attainment of age 59½; *provided, however,* that such before-tax contributions have been allocated to the account of such Former Grow Participant for at least two years or such Former Grow Participant has been a Participant for at least five years.

PA000095

(ii)     an in-service withdrawal of all, or any portion, of the contributions to his Grow Account, if any, other than before-tax contributions:

(A)     after attainment of age 59½;

(B)     after attainment of five years of participation in the Plan; or

(C)     after such contributions have been allocated to the Grow Account of such Former Grow Participant for at least two years.

(iii)     after attainment of age 65, an in-service withdrawal of all, or any portion, of the Grow Account.

(iv)     an in-service withdrawal at any time of all, or any portion, of the rollover contributions, if any, and voluntary contributions, if any, in his Grow Account.

(b)     Notwithstanding anything in this Section 5 of Appendix V to the contrary:

(i)     prior to attainment of age 59½, a Former Grow Participant may not take an in-service withdrawal of any contributions to his Grow Account to the extent that such contributions were used to pass the nondiscrimination test of Section 401(k)(3) of the Internal Revenue Code or the ACP Test; and

(ii)     As of October 1, 2005, this Section 5 of Appendix V shall be superseded by Section 9.1 of the Plan.

6.     Effective for Benefit Payment Dates on or after July 1, 2005, if a Former Grow Participant dies prior to the distribution of the portion of his Account attributable to the Grow Account, the entire interest of the Participant in his Grow Account shall be distributed in a single lump sum to his Designated Beneficiary (who is not his surviving Spouse) by December 31 of the calendar year containing the fifth (5th) anniversary of the death of such Former Grow Participant; *provided, however,* that if the Designated Beneficiary is the surviving Spouse of the Former Grow Participant, such distribution shall be made by no later than the later of (a) December 31 of the calendar year following the calendar year in which the Former Grow Participant dies and (b) December 31 of the calendar year in which the Former Grow Participant would have attained age 70½.

7.     (a) Effective for Benefit Payment Dates on or after July 1, 2005, required minimum distributions pursuant to Section 401(a)(9) of the Internal Revenue Code with respect to the portion of a Former Grow Participant's Account attributable to his Grow Account shall be distributed pursuant to Section 10.2(e). For Benefit Commencement Dates prior to July 1, 2005, required minimum distributions with respect to the Grow Account shall be made over a period that does not exceed the life expectancy of the Participant or the life expectancy of the Participant and his Designated Beneficiary. The effective date of this Section 7 in Appendix V shall supersede and replace the effective date of the amendment to the Grow Plan adopted by the Executive Vice President Human Resources on March 4, 2005 (the "*Prior Amendment*") changing the form of payment for

PA000096

required minimum distributions from the Grow Account to a lump sum from a series of payments over the period set forth above. The effective date of this Section 7 of this Appendix V shall not apply to the effective date of any other provision set forth in the Prior Amendment.

(b)    Notwithstanding anything in Section 7(a) of this Appendix V to the contrary, if a Former Grow Participant incurs a Benefit Payment Date prior to July 1, 2005 and dies before the entire portion of his Account attributable to the Grow Account is distributed, the remaining portion of the Grow Account shall be distributed at least as rapidly as under the method of distribution being used as of the date of the Former Grow Participant's death.

8.    After the Closing Date, for purposes of vesting (as provided in Section 10.1 of the Plan), any Former Grow Participant who is an Eligible Employee and who is eligible to have Profit Sharing Contributions credited to his Account (pursuant to Section 3.2 of the Plan) shall be 100% vested in all future Profit Sharing Contributions made pursuant to Section 5.2 of the Plan.

9.    Any Former Grow Employee who (a) is an Eligible Employee as of the Closing Date and (b) is credited with at least 500 hours of service as of the Closing Date and (c) performs an Hour of Service in 2005 will be eligible to receive a 2005 Profit Sharing Contribution pursuant to Section 5.2 of the Plan.

10.    Except as otherwise provided, the provisions of Section 10.2(e) of the Plan shall be effective for Former Grow Participants as of July 1, 2005.

PA000097

APPENDIX W

Participants Employed by Capital IQ, Inc. ("*Capital*")

In connection with the closing on September 17, 2004 (the "*Closing Date*") of the transaction contemplated by the Agreement and Plan of Merger among the Corporation, CIQ Acquisition Corp. and Capital IQ, Inc., dated September 17, 2004, the following shall occur:

1.      Capital will become an Employer as of the Closing Date.

2.      (a)  After the Closing Date through June 30, 2005, employees of Capital as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date shall be given Continuous Service credit for their service with Capital prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan).

(b)      Effective as of July 1, 2005 (the "*Capital Merger Date*"), service with Capital shall be considered as Continuous Service under the Plan subject to the definition of Continuous Service.

3.      Effective as of the Capital Merger Date, the assets and liabilities of the Capital IQ, Inc. 401(k) Profit Sharing Plan and Trust (the "*Capital Plan*") shall be merged into the Plan and the Trust Fund in a trust-to-trust transfer in accordance with the Internal Revenue Code, including without limitation, Section 414(l) of the Internal Revenue Code. The assets and liabilities so transferred shall be separately accounted for and shall be subject to Plan provisions, subject to this Appendix W.

4.      Any outstanding loans under the Capital Plan as of the Capital Merger Date shall be transferred to the Plan on the Capital Merger Date and shall be subject to the original terms and conditions applicable to such loans under the Capital Plan.

5.      Effective as of July 1, 2005, a Participant who is a participant in the Capital Plan as of the Capital Merger Date (a "*Former Capital Participant*") and is an Employee may elect to make a withdrawal (i) upon such Former Capital Participant's attainment of age 59½, of all or any portion of his Accounts attributable to before-tax contributions (including gains and losses thereon) in his Capital Account and (ii) at any time, of all or any portion of his Accounts attributable to rollover contributions into the Capital Plan prior to the Capital Merger Date. Such withdrawal shall be made as soon as administratively feasible after the date on which the Former Capital Participant requests the withdrawal. As of January 1, 2006, this Section 5 of Appendix W shall be superseded by Section 9.1 of the Plan.

6.      Effective for Benefit Payment Dates on or after July 1, 2005, if a Former Capital Participant dies prior to distribution of the portion of his Accounts attributable to his Capital Account, distribution of his Capital Account to his Designated Beneficiary (who is not his surviving Spouse) shall be made in a single lump sum by no later than December 31 of the calendar year containing the fifth anniversary of such Former Capital Participant's death; *provided, however*, that if the Designated Beneficiary is the surviving

PA000098

Spouse of the Former Capital Participant, such distribution shall be made by the later of (a) December 31 of the calendar year following the calendar year in which the Former Capital Participant dies and (b) December 31 of the calendar year in which the Former Capital Participant would have attained age 70 1/2.

7.     Effective for Benefit Payment Dates beginning July 1, 2005 and prior to October 1, 2005 (the "*RMD Effective Date*"), minimum required distributions pursuant to Section 401(a)(9) of the Internal Revenue Code from the portion of a Former Capital Participant's Account attributable to his Capital Account shall be paid over a period that shall not exceed the life expectancy of the Participant, the joint and last survivor expectancy of the Participant and his Designated Beneficiary, the life of the Participant or the life of the Participant and his Designated Beneficiary in accordance with the applicable Treasury Regulations under Section 401(a)(9) of the Internal Revenue Code. Effective for Benefit Payment Dates on or after the RMD Effective Date, payment shall be made pursuant to Section 10.2(e); *provided, however,* that a Participant who was a Former Capital Participant attaining age 70 1/2 prior to 1997 may elect to stop his required minimum distributions paid in installments and recommence by the April 1 of the calendar year following the year in which such Former Capital Participant retires without incurring a new Benefit Payment Date as a result of such recommencement.

8.     Except as otherwise provided, the provisions of Section 10.2(e) of the Plan shall be effective for Former Capital Participants as of July 1, 2005.

PA000099

APPENDIX X

Participants Employed by Vista Research, Inc. ("*Vista*")

In connection with the closing on April 1, 2005 (the "*Closing Date*") of the transaction contemplated by the Agreement and Plan of Merger among The McGraw-Hill Companies, Inc., Vista Acquisition Corp., a wholly-owned subsidiary of The McGraw-Hill Companies, Inc. and Vista, dated March 2, 2005, the following new Appendix X is added to the Plan, effective as of the dates indicated:

      1.    Vista shall become an Employer as of the Closing Date.

      2.    (a) After the Closing Date, employees of Vista as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date shall be given Continuous Service credit for their service with Capital prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting (as provided in Section 10.1 of the Plan).

      (b)    Effective as of January 1, 2006 (the "*Vista Merger Date*"), service with Vista shall be considered as Continuous Service under the Plan subject to the definition of Continuous Service.

      3.    Effective as of the Vista Merger Date, the assets and liabilities of the Ambrose Multiple Employer Retirement Savings Plan (the "*Ambrose Plan*") attributable to the employees of Vista (the "*Ambrose Plan Assets*") shall be merged into the Plan and the Trust Fund in a trust-to-trust transfer in accordance with the Code, including, without limitation, Section 414(l) of the Internal Revenue Code. The assets and liabilities of the Ambrose Plan so transferred to the Plan shall be separately accounted for and shall be subject to Plan provisions, subject to this Appendix X.

      4.    Any outstanding loans under the Ambrose Plan as of the Vista Merger Date shall be transferred to the Plan on the Vista Merger Date and shall be subject to the original terms and conditions applicable to such loans under the Ambrose Plan.

      5.    Effective for Benefit Payment Dates on or after the Vista Merger Date, if a Participant who is a participant in the Ambrose Plan as of the Vista Merger Date (a "*Former Vista Participant*") dies prior to the distribution of the portion of this Account attributable to the Ambrose Plan Assets, the entire interest of the Participant in such Ambrose Plan Assets shall be distributed in a single lump sum to his Beneficiary (who is not his surviving spouse) by December 31 of the calendar year containing the fifth (5th) anniversary of the death of such Former Vista Participant; *provided, however*, that if the Beneficiary is the surviving spouse of the Former Vista Participant, distribution shall be made by no later than the later of (a) December 31 of the calendar year following the calendar year in which the Former Vista Participant dies and (b) December 31 of the calendar year in which the Former Vista Participant would have attained age 70 ½.

      6.    Effective for Benefit Payment Dates on or after the Vista Merger Date, required minimum distributions pursuant to Section 401(a)(9) of the Internal Revenue

PA000100

Code with respect to the portion of a Former Vista Participant's Account attributable to his Ambrose Plan Assets shall be distributed pursuant to Section 10.2(e).

PA000101

APPENDIX Y

Participants Employed by J.D. Powers & Associates ("*JDPA*")

Notwithstanding any other provision of the Plan, in connection with the closing on April 1, 2005 (the "*Closing Date*") contemplated by the Stock and Unit Purchase Agreement among the Corporation, JDPA, Power Information Network LLC ("*PIN* ") and Certain Equityholders of JDPA and PIN, the following new Appendix Y is added to the Plan, effective as of the dates indicated:

1.      JDPA shall become an Employer as of the Closing Date.

2.      (a) After the Closing Date, employees of JDPA as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date ("*Former JDPA Employees*") shall be given Continuous Service credit for their service with JDPA prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting (as provided in Section 10.1 of the Plan).

(b)      Effective as of January 1, 2006, (the "*JDPA Merger Date*"), service with JDPA shall be considered as Continuous Service under the Plan subject to the definition of Continuous Service.

3.      In addition to the service credited in Section 2 of this Appendix Y, for purposes of determining eligibility for a 2005 Profit Sharing Contribution under Section 5.2 of the Plan, each Former JDPA Employee shall receive service credit for the twelve-month computation period beginning on his respective Employment Commencement Date or anniversary thereof which includes the Closing Date for the number of Hours of Service determined by applying the rule set forth in the definition of Hour of Service in Section 2.1 of the Plan to any fractional part of a year credited as of the Closing Date, pursuant to the rule set forth in Treas. Reg. Section 1.410(a)-7(f)(2).

4.      Any Former JDPA Employee who (a) is an Eligible Employee as of the Closing Date, (b) is credited with at least 500 Hours of Service as of the Closing Date and (c) performs at least one Hour of Service in 2006 will be eligible to receive a 2006 Profit Sharing Contribution pursuant to Section 5.2 of the Plan.

5.      Effective as of the JDPA Merger Date, the assets and liabilities of the J.D. Powers and Associates 401(k) Profit Sharing Plan (the "*JDPA Plan*") shall be merged into the Plan and the Trust Fund in a trust-to-trust transfer in accordance with the Internal Revenue Code, including, without limitation, Section 414(l) of the Internal Revenue Code. The assets and liabilities of the JDPA Plan so transferred to the Plan shall be separately accounted for.

6.      Any outstanding loans under the JDPA Plan as of the JDPA Merger Date shall be transferred to the Plan on the JDPA Merger Date and shall be subject to the original terms and conditions applicable to such loans prior to the JDPA Merger Date.

PA000102

7.    Any qualified non-elective contributions that are part of the JDPA Plan assets transferred to the Plan shall be separately accounted for and shall not be eligible for an in-service withdrawal prior to age 59 ½.

8.    As of the Closing Date, amounts attributable to profit sharing contributions made by JDPA prior to the Closing Date under the JDPA Plan shall be 100% vested.

9.    After the JDPA Merger Date, the unvested portion of the Profit Sharing Contribution Account of any Former JDPA Employee shall vest according to the following schedule, notwithstanding Section 10.1(c) of the Plan:

| Years of Continuous Service as of the Closing Date: | Vested Percentage: |
|---|---|
| At least 1 | 0% |
| At least 2 | 20% |
| At least 3 | 40% |
| At least 4 | 60% |
| At least 5 | 100% |

PA000103

APPENDIX Z

Participants Employed by TurnLeaf Solutions, Inc. ("*TSI*")

In connection with the closing on August 1, 2005 (the "*Closing Date*") of the transaction contemplated by the Asset Purchase Agreement by and between Grow.Net, Inc. and TSI dated August 1, 2005 the following should occur:

1.      TSI shall become an Employer under the Plan effective as of the Closing Date.

2.      After the Closing Date, for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan), employees of TSI as of the Closing Date who become Employees of an Employer following the Closing Date shall be given Continuous Service credit for their service with TSI prior to the Closing Date to the same extent as such Employees were entitled, before the Closing Date, to service under a similar benefit plan of TSI.

PA000104

APPENDIX AA

<u>Participants Employed in the Corporate Value Consulting Unit ("*CVC*")</u>

Notwithstanding any other provision in the Plan, in connection with the disposition of CVC by the Corporation as of September 30, 2005 (the "*Closing Date*") set forth in the Agreement for the Purchase and Sale of Assets by and between the Corporation and Duff & Phelps LLC, the following shall occur effective as of the Closing Date:

1.      Participants who are Employees in CVC as of the Closing Date shall no longer be eligible to participate in the Plan and shall cease to accrue any benefits under the Plan.

2.      Participants who are Employees in CVC as of the Closing Date shall become fully vested in the benefits accrued on their behalf under the Plan prior to the Closing Date.

PA000105

APPENDIX BB

Other Corporate Transactions

Notwithstanding any other provision of the Plan, in connection with the closing of the corporate divestitures and acquisitions described below, the following shall occur:

*Divestitures*

Participants who incurred an Employment Termination Date on the date indicated below (the "*Closing Date*") as a result of the divestiture by the Corporation of the entity or assets indicated below shall, as of the Closing Date, (i) cease to be eligible to participate in the Plan, (ii) cease to accrue any benefits under the Plan and (iii) fully vest in the benefits accrued on their behalf under the Plan prior to the Closing Date:

| Divested Assets/Entity | Closing Date |
|---|---|
| 1. Certain assets of Standard & Poor's Securities, Inc. | February 28, 2005 |
| 2. Children's Publishing Divestiture | January 30, 2004 |
| 3. Comstock | February 28, 2003 |
| 4. MMS | September 6, 2002 |
| 5. CAP | June 28, 2002 |
| 6. DRI | May 7, 2001 |
| 7. Healthcare Information Group | November 8, 2005 |

*Acquisitions*

Eligible Employees who incurred an Employment Commencement Date on the date indicated below (the "*Closing Date*") as a result of the closing of the acquisition by the Corporation of the entity indicated below and who were employees of such entity on the date immediately preceding the Closing Date, shall, for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan), be given, effective as of the Closing Date, Continuous Service credit for their service with such entity prior to the Closing Date to the same extent such service was previously recognized by such entity.

| Acquired Assets/Entity | Closing Date |
|---|---|
| 1. CBI Power & Energy Division | May 12, 2004 |
| 2. FriedWire | October 8, 2003 |
| 3. ClearLearning | December 20, 2002 |
| 4. Bredex | August 13, 2002 |
| 5. Frank Schaffer Publications | May 25, 2002 |
| 6. Uniscore, Inc. | November 28, 2001 |
| 7. Visual Education Corp. | November 1, 2001 |
| 8. Financial Times Energy | September 5, 2001 |
| 9. Corporate Value Consulting | August 31, 2001 |

PA000106

| 10. | Charter Research Corp. | February 13, 2001 |
| 11. | Mayfield Publishing Corp. | January 1, 2001 |
| 12. | CBRS | October 31, 2000 |
| 13. | Tribune Education Company | September 5, 2000 |
| 14. | Portfolio Management Data | May 3, 2000 |

BB-2

PA000107

Appendix CC

Notwithstanding any other provisions of the Plan, effective as of June 30, 2007:

1. An Employee of the McGraw-Hill Employees Federal Credit Union ("*Credit Union*") shall not be eligible to participate in or make contributions of any kind to the Plan or to receive employer contributions of any kind including but not limited to Employer Matching Contributions or Profit Sharing Contributions under the Plan.

2. Each Participant who is an employee of the Credit Union as of June 30, 2007 shall be 100% vested in his Account Balance under the Plan as of June 30, 2007.

3. On July 31, 2007, or as soon as administratively practicable thereafter, the Plan Administrator shall cause the Account Balance of any Participant who is an employee of the Credit Union to be transferred in a trust-to-trust transfer to a qualified defined contribution plan established by the Credit Union on behalf of such Participants. Such transfer shall be made in accordance with the provisions of the Internal Revenue Code, including Section 414(l) thereof, and subject to evidence satisfactory to the Plan Administrator that the Credit Union has authorized such transfer upon such terms.

PA000108

## Appendix DD

### Participants Employer by ClariFI, Inc.

In connection with the closing on May 15, 2007 (the *"Closing Date"*) of the transaction contemplated by the Agreement and Plan of Merger between The McGraw-Hill Companies, Inc., ClariFI Acquisition Corp., a wholly-owned subsidiary of The McGraw-Hill Companies, Inc., and ClariFI, Inc. (*"ClariFI"*), dated May 15, 2007, the following new Appendix DD is added to the Plan, effective as of the dates indicated:

3.      ClariFI shall become an Employer as of the Closing Date.

4.      (a)  After the Closing Date through January 1, 2008 (the *"ClariFI Merger Date"*), employees of ClariFI as of the Closing Date who become Employees of the Corporation and its Subsidiaries following the Closing Date (*"Former ClariFI Employees"*) shall be given Continuous Service credit for their service with ClariFI prior to the Closing Date for purposes of eligibility (as provided in Section III of the Plan) and vesting under the Plan (as provided in Section 10.1 of the Plan).

(b)      Effective as of the ClariFI Merger Date, service with ClariFI shall be considered as Continuous Service under the Plan subject to the definition of Continuous Service.

5.      Effective as of the ClariFI Merger Date, the assets and liabilities of the Sengent 401(k) Plan (the *"ClariFI Plan"*) shall be merged into the Plan and the Trust Fund in a trust-to-trust transfer in accordance with the Internal Revenue Code, including, without limitation, Section 414(l) of the Internal Revenue Code. The assets and liabilities of the ClariFI Plan so transferred to the Plan shall be separately accounted for and shall be subject to Plan provisions, subject to this Appendix DD.

6.      Any outstanding loans under the ClariFI Plan as of the ClariFI Merger Date shall be transferred to the Plan on the ClariFI Merger Date and shall be subject to the original terms and conditions applicable to such loans under the ClariFI Plan.

7.      Any Former ClariFI Employee who (a) is an Eligible Employee as of the Closing Date and (b) is credited with at least 500 hours of service as of the Closing Date and (c) performs an Hour of Service in 2007 will be eligible to receive a 2007 Profit Sharing Contribution pursuant to Section 5.2 of the Plan.

8.      Effective for Benefit Payment Dates on or after the ClariFI Merger Date, required minimum distributions pursuant to Section 401(a)(9) of the Internal Revenue Code with respect to a Former ClariFI Participant's Account shall be distributed pursuant to Section 10.2(e).

9.      After the ClariFI Merger Date, the unvested portion of the Profit Sharing Contribution Account of any Former ClariFI Employee shall vest in accordance with the following schedule, notwithstanding Section 10.1(c) of the Plan:

PA000109

| Years of Continuous Service: | Vested Percentage: |
|---|---|
| At least 1 | 20% |
| At least 2 | 40% |
| At least 3 | 60% |
| At least 4 | 80% |
| At least 5 | 100% |

10. After the ClariFI Merger Date, a Former ClariFI Employee may withdraw all or any portion of his After Tax Contribution Account at any time, notwithstanding the limit set forth in Section 9.1(b) of the Plan.

PA000110

THE McGRAW-HILL COMPANIES, INC.

(Amending the 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*Plan*"), as amended and restated as of January 1, 2006, to conform the Plan to the final regulations under Section 401(a)(9) of the Internal Revenue Code of the 1986, as amended (the "Code").)

Subject:            Adoption of resolutions amending the following qualified plan to comply with the final regulations under Section 401(a)(9) of the Code:

The 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries.

Recommendation:     That, effective as of January 1, 2003, the resolutions and amendment (attached hereto as Exhibit A and incorporated herein by reference) to the Plan be adopted.

Background:         Effective as of January 1, 2003, the Plan is amended to specify the effective date of the final regulations under Section 401(a)(9) of the Code.

The amendment has been prepared by outside counsel, Shearman & Sterling LLP.

Recommended by:     _Marty Martin_     Date: _2/27_, 2007
                    Marty Martin
                    Vice President
                    Employee Benefits

Approved on Behalf of the
Board of Directors of The
McGraw-Hill Companies, Inc.:    _David Murphy_    Date: _2/27_, 2007
                    David Murphy
                    Executive Vice President
                    Human Resources

NYDOCS01/1109803.7

PA000179

### Resolutions Regarding Conforming the Qualified Plans of
### The McGraw-Hill Companies, Inc.

WHEREAS, The McGraw-Hill Companies, Inc. (the "Corporation") sponsors and maintains the 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "Plan"), as amended and restated as of January 1, 2006, for the benefit of its employees and the employees of its subsidiaries;

WHEREAS, Section 18.1 of the Plan provides that the Executive Vice President Human-Resources of the Corporation has the authority to amend the Plan on behalf of the Corporation;

WHEREAS, the Corporation desires to amend the Plan in the manner set forth in Exhibit A; and

WHEREAS, the amendment as set forth in Exhibit A is a corrective amendment requested by the Internal Revenue Service to clarify that the effective date of the amendment regarding Section 401(a)(9) of the Internal Revenue Code of 1986, as amended, which was adopted on December 18, 2003, is January 1, 2003, and that such amendment was intended to amend the predecessor plans to the Plan.

NOW, THEREFORE, BE IT:

RESOLVED that, effective as of January 1, 2003, the Plan shall be and is hereby amended as set forth in Exhibit A attached hereto and incorporated by reference;

FURTHER RESOLVED that the proper officers of the Corporation shall be authorized and are hereby directed to take all such actions as may be necessary, proper or desirable to carry out the intent of these resolutions; and

FURTHER RESOLVED that all actions taken on behalf of the Corporation by any officer, employee, director or agent of the Corporation prior to the date hereof in connection with any and all of the above resolutions are hereby expressly confirmed, approved, ratified and adopted as the actions of the Corporation, effective as of the date thereof.

NYDOCS01/1109800.7

## Exhibit A

Amendment to
The 401(k) Savings and Profit Sharing Plan of
The McGraw-Hill Companies, Inc. and Its Subsidiaries (the *"Plan"*)

(As Amended and Restated as of January 1, 2006)

Effective as of January 1, 2003, Section 10.2(f)(iii) of the Plan is correctively amended to clarify the effective date of the Plan amendment adopted on December 18, 2003, and reads in its entirety as follows:

"(iii)   The provisions of this Section 10.2 shall be applied in accordance with the minimum distribution and the timings requirements of Section 401(a)(9) of the Internal Revenue Code (which are incorporated herein by reference, as are the rules promulgated by the Department of Treasury and the Internal Revenue Service with respect to compliance with Section 401(a)(9) of the Internal Revenue Code without violating Section 411(d)(6) of the Internal Revenue Code), including the incidental death benefit requirement described in Section 4019(a)(9)(G) of the Internal Revenue Code and the final regulations under Section 401(a)(9) of the Internal Revenue Code, effective as of January 1, 2003.  Notwithstanding any provision of the Plan to the contrary, with respect to distributions for 2002, the Plan will apply the minimum distribution requirements of Section 401(a)(9) of the Internal Revenue Code in accordance with the regulations under Code Section 401(a)(9) that were proposed on January 17, 2001.  Distributions for 2003 and subsequent years shall comply with the final regulations issued under Section 401(a)(9) of the Internal Revenue Code in 2002.  To the extent any provision of the Plan is inconsistent with Section 401(a)(9) of the Internal Revenue, such provision shall be disregarded."

NYDOCS01/1109503.7

THE McGRAW-HILL COMPANIES, INC.

(Merging the MH ERAP into the MH SIP; Adopting Amendments and Restatements of the
MH ERP, MH SIP, S&P ERP, S&P SIP, and S&P ERAP)

| | |
|---|---|
| **Subject:** | Adoption of amendments to certain qualified retirement plans of The McGraw-Hill Companies, Inc. as set forth below: |

1.   Employee Retirement Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (*"MH ERP"*);

2.   The Savings Incentive Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (*"MH SIP"*);

3.   Employee Retirement Account Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (*"MH ERAP"*);

4.   Standard & Poor's Employee Retirement Plan for Represented Employees (*"S&P ERP"*);

5.   Standard & Poor's Savings Incentive Plan for Represented Employees (*"S&P SIP"*); and

6.   Standard & Poor's Employee Retirement Account Plan for Represented Employees (*"S&P ERAP"* and, collectively, with the MH ERP, MH SIP, MH ERAP, S&P ERP and S&P SIP, the *"Retirement Plans"*).

**Recommendation:**   That the resolutions and amendments (attached hereto as Exhibits A through F and incorporated herein by reference) to the Retirement Plans, effective as of the date or dates set forth therein, be adopted.  A summary of the significant amendments to the Retirement Plans follows:

**Background:**

1.   Effective as of March 28, 2005, the Retirement Plans are amended to reduce mandatory distributions to participants to $1,000;

2.   Effective as of December 31, 2005, the assets and liabilities of the MH ERAP and the trust thereunder are merged into the MH SIP and the trust thereunder and the MH SIP is renamed "the 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries";

3.   Effective as of January 1, 2006, the MH ERP, S&P ERP, S&P SIP and S&P ERAP are amended and restated in substantially the manner set forth in the attached Appendix A;

NYDOCS01/1063138.6

PA000182

4. Effective as of December 31, 2005, the MH-SIP is amended and restated in substantially the manner set forth in the attached Exhibit A;

5. Effective as of January 1, 2006, the portion of the assets and liabilities of the Ambrose Multiple Employer Retirement Savings Plan and the trust thereunder attributable to the employees of Vista Research, Inc. are merged into the MH SIP and trust thereunder; and

6. Effective as of January 1, 2006, the assets and liabilities of the J.D. Power and Associates 401(k) Profit Sharing Plan and trust thereunder are merged into the MH SIP and the trust thereunder.

The amendments have been prepared by outside counsel, Shearman & Sterling LLP.

Recommended by: _____ Date: _____, 2005

Marty Martin
Vice President
Employee Benefits

Approved on Behalf of the
Board of Directors of The
McGraw-Hill Companies, Inc.: _____ Date: _12 . 5 . 05_, 2005

David Murphy
Executive Vice President
Human Resources

PA000183

**Resolutions Regarding the Retirement Plans and Welfare Plans of**
**The McGraw-Hill Companies, Inc. and Its Subsidiaries**

WHEREAS, The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*Corporation*") sponsors and maintains the Employee Retirement Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*MH ERP*"), the Savings Incentive Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*MH SIP*") and the Employee Retirement Account Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*MH ERAP*" and, together with the MH ERP and the MH SIP, the "*MH Retirement Plans*");

WHEREAS, the Corporation sponsors and maintains the Standard & Poor's Employee Retirement Plan for Represented Employees (the "*S&P ERP*"), the Standard & Poor's Savings Incentive Plan for Represented Employees (the "*S&P SIP*") and the Standard & Poor's Employee Retirement Account Plan for Represented Employees (the "*S&P ERAP*" and, together with the S&P ERP and the S&P SIP, the "*S&P Retirement Plans*");

WHEREAS, each of Section 13.1 of the MH ERP, Section 18.1 of the MH SIP, Section 16.1 of the MH ERAP, Section 13.1 of the S&P ERP, Section 18.1 of the S&P SIP, and Section 16.1 of the S&P ERAP provides that the Executive Vice President, Human Resources of the Corporation may amend such plan at any time;

WHEREAS, the Corporation believes it is appropriate and desirable to amend the MH Retirement Plans and the S&P Retirement Plans to reduce mandatory distributions to participants at the time of their termination from employment with the Corporation and its affiliates to $1,000;

WHEREAS, the Corporation believes it is appropriate and desirable to merge, effective as of December 31, 2005, the assets and liabilities of the MH ERAP and the trust thereunder into the MH SIP and the trust thereunder;

WHEREAS, the Corporation believes that it is appropriate and desirable to merge, effective as of January 1, 2006, the portion of the assets and liabilities of the Ambrose Multiple Employer Retirement Savings Plan and the trust thereunder attributable to the employees of Vista Research, Inc. into the MH SIP and the trust thereunder;

WHEREAS, the Corporation believes that it is appropriate and desirable to merge, effective as of January 1, 2006, the assets and liabilities of the J.D. Power and Associates 401(k) Profit Sharing Plan and the trust thereunder into the MH SIP and the trust thereunder; and

WHEREAS, the Corporation believes that it is appropriate and desirable to amend and restate, effective as of the dates set forth therein, the MH Retirement Plans and the S&P Retirement Plans in the manner summarized in Exhibit A and substantially set forth in Exhibits C through G, each attached hereto and incorporated herein by reference,

PA000184

NOW, THEREFORE, BE IT:

RESOLVED that, effective as of March 28, 2005, the MH Retirement Plans and the S&P Retirement Plans shall be and hereby are amended to reduce mandatory distributions to participants to $1,000;

FURTHER RESOLVED that, effective as of December 31, 2005, the assets and liabilities of the MH ERAP and the trust thereunder shall be and hereby are merged into the MH SIP and the trust thereunder;

FURTHER RESOLVED that, effective as of January 1, 2006, the portion of the assets and liabilities of the Ambrose Multiple Employer Retirement Savings Plan and the trust thereunder attributable to the employees of Vista Research, Inc. shall be and hereby are merged into the MH SIP and the trust thereunder;

FURTHER RESOLVED that, effective as of January 1, 2006, the assets and liabilities of the J.D. Power and Associates 401(k) Profit Sharing Plan and the trust thereunder shall be and hereby are merged into the MH SIP and the trust thereunder;

FURTHER RESOLVED that, effective as of January 1, 2006, except as otherwise provided therein, the amendment and restatement of the MH ERP in the manner summarized on Exhibit A and substantially set forth in Exhibit B, each attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of December 31, 2005, except as otherwise provided therein, the amendment and restatement of the MH SIP in the manner summarized in Exhibit A and substantially set forth in Exhibit C, each attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of January 1, 2006, except as otherwise provided therein, the amendment and restatement of the S&P ERP in the manner summarized in Exhibit A and substantially set forth in Exhibit D, each attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of January 1, 2006, except as otherwise provided therein, the amendment and restatement of the S&P SIP in the manner summarized in Exhibit A and substantially set forth in Exhibit E, each attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of January 1, 2005, except as otherwise provided therein, the amendment and restatement of the S&P ERAP in the manner summarized in Exhibit A and substantially set forth in Exhibit F, each attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that the proper officers of the Corporation shall be and hereby are authorized and directed to (a) notify participants in the MH Retirement Plans and S&P Retirement Plans of the resolutions approved herein as may be appropriate or required by applicable law and (b) take such other steps as may be necessary, proper or desirable to carry out

PA000185

the intent of these preambles and resolutions, including, without limitation, the filing of any forms required to be filed with the Internal Revenue Service, the distribution of employee notices, adoption of amendments to the MH Retirement Plans and S&P Retirement Plans and the taking of such action or delivery of any such document or instrument to be conclusive evidence that the taking of such action or execution and delivery of any such document or instrument was deemed necessary and appropriate in connection with the actions contemplated hereby; and

FURTHER RESOLVED that all actions taken on behalf of the Corporation by any officer, employee, director or agent of the Corporation prior to the date hereof in connection with any and all of the above resolutions are hereby expressly confirmed, approved, ratified and adopted as the actions of the Corporation, effective as of the applicable date or dates thereof.

PA000186

THE McGRAW-HILL COMPANIES, INC.

(Adopting Amendments to the MH Retirement Plan and MH 401(k) Plan,
And Certain MH Welfare Plans)

Subject: Adoption of amendments to certain employee benefit plans of The McGraw-Hill Companies, Inc. as set forth below:

1. Employee Retirement Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries ("*MH Retirement Plan*");

2. The 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries ("*MH 401(k)*");

3. Certain welfare plans of The McGraw-Hill Companies, Inc. as set forth on Exhibit C ("*MH Welfare Plans*", and together with the MH Retirement Plan and the MH 401(k) Plan, the "*MH Plans*").

Recommendation: That the resolutions and amendments (attached hereto as Exhibits A through C) to the MH Plans, effective as of the date or dates set forth therein, be adopted.

Background: Effective as of June 30, 2007:

- The MH Plans are amended to provide that the employees of the McGraw-Hill Employees Federal Credit Union ("*Credit Union*") will not participate in, accrue any benefit under, or be covered by the MH Plans;

- The MH 401(k) Plan is amended to provide that account balances of Credit Union employees will be transferred in a trust-to-trust transfer to a defined contribution plan established by the Credit Union; and

- The MH Retirement Plan and MH 401(k) Plan are amended to provide that the benefit thereunder of each Credit Union employee who participates in the MH Plans as of June 30, 2007 is 100 percent vested.

The amendment to the MH Retirement Plan is attached as Exhibit A, the amendment to the MH 401(k) Plan is attached as Exhibit B, and the amendments to the MH Welfare Plans are attached as Exhibit C.

PA000187

The amendments have been prepared by outside counsel, Shearman & Sterling LLP.

Recommended by: _____  Date: May 22 2007
Marty Martin
Vice President
Employee Benefits

Approved on Behalf of the
Board of Directors of The
McGraw-Hill Companies, Inc.: _____  Date: May 22, 2007
David Murphy
Executive Vice President
Human Resources

PA000188

**Resolutions Regarding Certain Retirement and Welfare Plans of
The McGraw-Hill Companies, Inc.**

WHEREAS, The McGraw-Hill Companies, Inc. (the *"Corporation"*) sponsors and maintains the Employee Retirement Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the *"MH Retirement Plan"*) and the 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the *"MH 401(k) Plan"*);

WHEREAS, the Corporation sponsors and maintains certain employee welfare benefit plans as set forth on Exhibit C hereto (the *"MH Welfare Plans"* and, together with the MH ERP and MH SIP/ERAP, the *"MH Plans"*);

WHEREAS, Section 13.1 of the MH Retirement Plan and Section 18.1 of the MH 401(k) Plan provide that the Executive Vice President, Human Resources of the Corporation may amend such plans at any time;

WHEREAS, Section 5.10 of each of The McGraw-Hill Companies, Inc. Employee Welfare Benefits Plan and The McGraw-Hill Companies, Inc. Group Health Plan provides that the Executive Vice President, Human Resources of the Corporation may amend the MH Welfare Plans at any time;

WHEREAS, the Corporation believes it is appropriate and desirable to amend the MH Plans to provide that, effective June 30, 2007, an employee of the McGraw-Hill Employees Federal Credit Union ("*Credit Union*") shall not be eligible to participate in, accrue any benefit under, or be covered under the MH Plans, in substantially the forms set forth in Exhibits A through C, each attached hereto and incorporated herein by reference.

NOW, THEREFORE, BE IT:

RESOLVED that, effective as of June 30, 2007, no individual who is an employee of the Credit Union shall be eligible to participate in, accrue any benefit under, or be covered under any MH Plan;

FURTHER RESOLVED that, effective as of June 30, 2007, the amendment to the MH Retirement Plan in substantially the form set forth in Exhibit A, attached hereto and incorporated herein by reference shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of June 30, 2007, the amendment to the MH 401(k) Plan in substantially the form set forth in Exhibit B, attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of June 30, 2007, the amendments to the MH Welfare Plans listed on Exhibit C in substantially the form set forth in Exhibit C, attached hereto and incorporated herein by reference, shall be and hereby are adopted;

FURTHER RESOLVED that the proper officers of the Corporation shall be and hereby are authorized and directed to (a) notify participants in the MH Retirement Plan, MH 401(k) Plan and MH Welfare Plans of the resolutions approved herein as may be appropriate or

PA000189

required by applicable law and (b) take such other steps as may be necessary, proper or desirable to carry out the intent of these preambles and resolutions, including, without limitation, the filing of any forms required to be filed with the Internal Revenue Service, the distribution of employee notices, adoption of amendments to the MH Retirement Plan, MH 401(k), and MH Welfare Plans and the taking of such action or delivery of any such document or instrument to be conclusive evidence that the taking of such action or execution and delivery of any such document or instrument was deemed necessary and appropriate in connection with the actions contemplated hereby; and

      FURTHER RESOLVED that all actions taken on behalf of the Corporation by any officer, employee, director or agent of the Corporation prior to the date hereof in connection with any and all of the above resolutions are hereby expressly confirmed, approved, ratified and adopted as the actions of the Corporation, effective as of the applicable date or dates thereof.

PA000190

## Exhibit A

### Amendment to the MH ERP

The Employee Retirement Plan of the McGraw-Hill Companies, Inc. and Its Subsidiaries, as amended and restated as of January 1, 2006 unless otherwise provided, with amendments through March 1, 2007, is amended as follows:

1. The definition of Employee in Section 2.1 is amended to delete the second sentence so that it reads in its entirety:

""*Employee*" means any person who is a common-law employee of an Affiliate excluding a person acting only as member of the Board of Directors or a freelance talent or talent hired on a fee per occasion basis."

2. New Appendix CC is added which shall read in its entirety:

### "Appendix CC

Notwithstanding any other provisions of the Plan, effective as of June 30, 2007:

1. Any Participant who is an employee of the McGraw-Hill Employees Federal Credit Union ("*Credit Union*") shall not accrue benefits under the Plan.

2. Each Participant who is an employee of the Credit Union as of June 30, 2007 shall be 100% vested in his Retirement Benefit under the Plan as of June 30, 2007."

A-1

PA000191

**Exhibit B**

**Amendment to the MH SIP/ERAP**

The 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries, as amended and restated as of January 1, 2006, unless otherwise provided, with amendments through December 1, 2006, is amended as follows:

1. The definition of Employee in Section 2.1 is amended to delete the second sentence so that it reads in its entirety:

""*Employee*" means any person who is a common-law employee of an Affiliate excluding a person acting only as a member of the Board of Directors or a freelance talent or talent hired on a fee per occasion basis."

2. New Appendix CC is added which shall read in its entirety:

"Appendix CC

Notwithstanding any other provisions of the Plan, effective as of June 30, 2007:

1. Any Participant who is an employee of the McGraw-Hill Employees Federal Credit Union ("*Credit Union*") shall not be eligible to make contributions of any kind to the Plan or to receive employer contributions of any kind including but not limited to Employer Matching Contributions or Profit Sharing Contributions under the Plan.

2. Each Participant who is an employee of the Credit Union as of June 30, 2007 shall be 100% vested in his Account Balance under the Plan as of June 30, 2007.

3. On July 31, 2007, or as soon as administratively practicable thereafter, the Plan Administrator shall cause the Account Balance of any Participant who is an employee of the Credit Union to be transferred in a trust-to-trust transfer to a qualified defined contribution plan established by the Credit Union on behalf of such Participants. Such transfer shall be made in accordance with the provisions of the Internal Revenue Code, including Section 414(l) thereof, and subject to evidence satisfactory to the Plan Administrator that the Credit Union has authorized such transfer upon such terms."

PA000192

S&S DRAFT

## Exhibit C

### Amendments to MH Welfare Plans

Effective as of June 30, 2007, each of the plans set forth below on this Exhibit C is amended to provide that (i) no individual who is an employee of the McGraw-Hill Employees Federal Credit Union ("*Credit Union*") shall become a Participant after June 30, 2007, and (ii) the coverage of any Participant who is an employee of the Credit Union shall cease on June 30, 2007.

Amended Plans:

- The McGraw-Hill Companies, Inc. Comprehensive Medical Expense Insurance Plan;
- The McGraw-Hill Companies, Inc. Group Dental Insurance Plan;
- The McGraw-Hill Companies, Inc. Vision Care Plan;
- The McGraw-Hill Companies, Inc. Health Care Flexible Spending Account;
- The McGraw-Hill Companies, Inc. Long Term Disability Plan;
- The McGraw-Hill Companies, Inc. Group Life Insurance Plan;
- The McGraw-Hill Companies, Inc. Group Voluntary Spousal Life Insurance Plan;
- The McGraw-Hill Companies, Inc. Group Voluntary Dependent Life Insurance Plan;
- The McGraw-Hill Companies, Inc. Voluntary Accidental Death and Dismemberment Plan;
- The McGraw-Hill Companies, Inc. Voluntary Dependent Accidental Death and Dismemberment Plan;
- Separation Pay Plan of the McGraw-Hill Companies, Inc.

PA000193

THE McGRAW-HILL COMPANIES, INC.

(Adopting Amendments to the MH Retirement and 401(k) Plans,
and to the S&P Retirement and 401(k) Plans)

**Subject:**    Adoption of amendments to certain employee benefit plans of The
McGraw-Hill Companies, Inc. as set forth below:

1.   Employee Retirement Plan of The McGraw-Hill Companies, Inc.
and Its Subsidiaries ("*MH Retirement Plan*");

2.   The 401(k) Savings and Profit Sharing Plan of The McGraw-Hill
Companies, Inc. and Its Subsidiaries ("*MH 401(k) Plan*");

3.   Standard & Poor's Employee Retirement Plan for Represented
Employees ("*S&P Retirement Plan*");

4.   Standard and Poor's Savings Incentive Plan for Represented
Employees ("*S&P Savings Plan*");

5.   Standard and Poor's Employee Retirement Account Plan for
Represented Employees ("*S&P Profit Sharing Plan*") and,
together with the S&P Savings Plan, the MH Retirement Plan,
the MH 401(k) Plan, and the S&P Retirement Plan, the "*MH
Plans*").

**Recommendation:**   That the resolutions and amendments (attached hereto as Exhibits A
through D) to the MH Plans, effective as of the date or dates set forth
therein, be adopted.  The significant amendments to the MH Plan are
summarized as follows:

**Background:**   1.  Effective as of December 31, 2007, the assets and liabilities of the
S&P Profit Sharing Plan and the trust thereunder are merged into the
S&P Savings Plan and the trust thereunder, and the S&P Savings Plan
is renamed the Standard and Poor's 401(k) Savings and Profit Sharing
Plan for Represented Employees (hereafter referred to as the "*S&P
401(k) Plan*").

2.  Effective as of January 1, 2007:

*   The MH Retirement Plan and the S&P Retirement Plan
are amended to provide that assumptions regarding
interest rate and mortality for determinations of lump
sum values and certain other purposes will be made
pursuant to Section 417(e)(3) of the Internal Revenue
Code;

C:\...\...\...\...\...

- The MH Plans are amended so that the definition of earnings for certain purposes reflects new regulations under Section 415 of the Internal Revenue Code;

- The MH Retirement Plan and the S&P Retirement Plan are amended to provide that the election period during which a participant may consider forms of payment shall be no less than 30 days and no more than 180 days;

- The MH 401(k) Plan and the S&P 401(k) Plan are amended to provide for a quarterly true-up matching contribution to ensure that participants making catch up contributions receive their full match in accordance with applicable Treasury regulations;

- The MH 401(k) Plan and the S&P 401(k) Plan are amended to allow rollovers of after tax amounts into the Plans;

- The MH 401(k) Plan and the S&P 401(k) Plan are amended to permit after tax contributions to be rolled over from the Plans into another qualified plan;

- The MH 401(k) Plan and the S&P 401(k) Plan are amended to provide a withdrawal from tax deferred contributions by certain reservists; and

- The MH 401(k) Plan and the S&P 401(k) Plan are amended to provide that profit sharing contributions will vest 20% after 2 years, 40% after 3 years, 60% after 4 years, and 100% after 5 years.

3. Effective January 1, 2008.

- The MH Plans are amended to include a non-spouse beneficiary and non-spouse alternate payee in the class of distributees who may receive an eligible rollover distribution from the MH Plans;

- The MH 401(k) and the S&P 401(k) are amended to limit after tax contributions by highly compensated employees to 4% of earnings;

PA000195

- The assets and liabilities of the Sengent 401(k) Plan (also called the Clarif1 401(k) Plan) and the trust thereunder is merged into the MH 401(k) Plan and the trust thereunder; and

- The MH 401(k) Plan and the S&P 401(k) Plan are amended to provide that a participant may take a hardship withdrawal on account of the financial hardship of his designated beneficiary.

The amendment and restatement of the MH Retirement Plan is attached as Exhibit A, the amendment and restatement of the MH 401(k) Plan is attached as Exhibit B, the amendment and restatement of the S&P Retirement Plan is attached as Exhibit C, and the amendment and restatement of the S&P 401(k) Plan is attached as Exhibit D.

The amendments have been prepared by outside counsel, Shearman & Sterling LLP.

Recommended by: _____  Date: December 17, 2007
Marty Martin
Vice President
Employee Benefits

Approved on Behalf of the
Board of Directors of The
McGraw-Hill Companies, Inc.: _____  Date: December 18, 2007
David Murphy
Executive Vice President
Human Resources

**Resolutions Regarding Certain Retirement Plans of
The McGraw-Hill Companies, Inc.**

WHEREAS, The McGraw-Hill Companies, Inc. (the "*Corporation*") sponsors and maintains the Employee Retirement Plan of The McGraw-Hill Companies, Inc. and its Subsidiaries (the "*MH Retirement Plan*"), the 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*MH 401(k) Plan*"), the Standard & Poor's Employee Retirement Plan for Represented Employees (the "*S&P Retirement Plan*"), the Standard & Poor's Savings Incentive Plan for Represented Employees (the "*S&P Savings Plan*"), and the Standard & Poor's Employee Retirement Account Plan for Represented Employees (the "*S&P Profit Sharing Plan*," and, together with the MH Retirement Plan, the S&P Retirement Plan, the S&P Savings Plan, and the MH 401(k) Plan, the "*MH Plans*");

WHEREAS, Section 13.1 of each of the MH Retirement Plan and the S&P Retirement Plan, Section 18.1 of each of the MH 401(k) Plan and the S&P Savings Plan, and Section 16.1 of the S&P Profit Sharing Plan provide that the Executive Vice President, Human Resources of the Corporation may amend such plans at any time;

WHEREAS, the Corporation believes it is appropriate and desirable to merge, effective as of December 31, 2007, the assets and liabilities of the S&P Profit Sharing Plan and the trust thereunder into the S&P Savings Plan and the trust thereunder;

WHEREAS, the Corporation believes it is appropriate and desirable to merge, effective as of January 1, 2008, the assets and liabilities of the Sengent 401(k) Plan (also called the ClariFI 401(k) Plan) and the trust thereunder into the MH 401(k) Plan and the trust thereunder;

WHEREAS, the Corporation believes it is appropriate and desirable to amend and restate the MH Plans in substantially the forms set forth in Exhibits A through D, each attached hereto and incorporated herein by reference.

NOW, THEREFORE, BE IT:

RESOLVED that, effective as of December 31, 2007, the assets and liabilities of the S&P Profit Sharing Plan and the trust thereunder shall be and hereby are merged into the S&P Savings Plan and the trust thereunder;

FURTHER RESOLVED that, effective as of January 1, 2008, the assets and liabilities of the Sengent 401(k) Plan (also called the ClariFI 401(k) Plan) and the trust thereunder shall be and hereby are merged into the MH 401(k) Plan and the trust thereunder;

FURTHER RESOLVED that, effective as of January 1, 2007, except as otherwise provided therein, the amendment and restatement of the MH Retirement Plan in substantially the form set forth in Exhibit A, attached hereto and incorporated herein by reference shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of January 1, 2007, except as otherwise provided therein, the amendment and restatement of the to the MH 401(k) Plan in substantially

NYDOCS01/G79541.1

PA000197

the form set forth in Exhibit B, attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of January 1, 2007, except as otherwise provided therein, the amendment and restatement of the S&P Retirement Plan in substantially the form set forth in Exhibit C, attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of January 1, 2007, except as otherwise provided therein, the amendment and restatement of the S&P 401(k) Plan in substantially the form set forth in Exhibit D, attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that the proper officers of the Corporation shall be and hereby are authorized and directed to (a) notify participants in the MH Retirement Plans of the resolutions approved herein as may be appropriate or required by applicable law and (b) take such other steps as may be necessary, proper or desirable to carry out the intent of these preambles and resolutions, including, without limitation, the filing of any forms required to be filed with the Internal Revenue Service, the distribution of employee notices, adoption of amendments to the MH Plans and the taking of such action or delivery of any such document or instrument to be conclusive evidence that the taking of such action or execution and delivery of any such document or instrument was deemed necessary and appropriate in connection with the actions contemplated hereby; and

FURTHER RESOLVED that all actions taken on behalf of the Corporation by any officer, employee, director or agent of the Corporation prior to the date hereof in connection with any and all of the above resolutions are hereby expressly confirmed, approved, ratified and adopted as the actions of the Corporation, effective as of the applicable date or dates thereof.

2

PA000198

THE McGRAW-HILL COMPANIES, INC.

(Adopting Amendments to the MH 401(k) Plans and the S&P 401(k) Plan)

| | |
|---|---|
| **Subject:** | Adoption of amendments to certain employee benefit plans of The McGraw-Hill Companies, Inc. as set forth below: |

1. The 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries ("*MH 401(k) Plan*"); and

2. The Standard & Poor's 401(k) Savings and Profit Sharing Plan for Represented Employees ("*S&P Savings Plan*", and together with the MH 401(k) Plan, the "*401(k) Plans*").

| | |
|---|---|
| **Recommendation:** | That the resolutions and amendments (attached hereto as Exhibits A and B) to the 401(k) Plans, effective as of January 1, 2008, be adopted. |

The amendments to the 401(k) Plans are summarized as follows:

| | |
|---|---|
| **Background:** | Effective as of January 1, 2008, the 401(k) Plans are amended to clarify that during the period of a Participant's long-term disability leave, the Participant will be deemed, for purposes of determining his profit sharing contribution, to have plan earnings equal to compensation taken into account for purposes of calculating the Participant's long-term disability benefit. |

The amendment to the MH 401(k) Plan is attached as Exhibit A and the amendment to the S&P 401(k) Plan is attached as Exhibit B.

The amendments have been prepared by outside counsel, Shearman & Sterling LLP.

Recommended by: _____ Date: January _14_, 2008
Marty Martin
Vice President
Employee Benefits

Approved on Behalf of the
Board of Directors of The
McGraw-Hill Companies, Inc.: _____ Date: January _14_, 2008
David Murphy
Executive Vice President
Human Resources

**Resolutions Regarding Certain Retirement Plans of
The McGraw-Hill Companies, Inc.**

WHEREAS, The McGraw-Hill Companies, Inc. (the "*Corporation*") sponsors and maintains the 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*MH 401(k) Plan*") and the Standard & Poor's 401(k) Savings and Profit Sharing Plan for Represented Employees (the "*S&P 401(k) Plan*" and together, the "*401(k) Plans*");

WHEREAS, Section 18.1 of each of the MH 401(k) Plan and the S&P 401(k) Plan provide that the Executive Vice President, Human Resources of the Corporation may amend such plans at any time;

WHEREAS, the Corporation believes it is appropriate and desirable to clarify Section 12.2 of each of the 401(k) Plans to provide that during the period of a Participant's long-term disability leave the Participant will be deemed, for purposes of determining his profit sharing contribution, to have plan earnings equal to compensation taken into account for purposes of calculating the Participant's long-term disability benefit, such amendment to be effective January 1, 2008 and incorporated into the January 1, 2007 restatements of each of the 401(k) Plans;

NOW, THEREFORE, BE IT:

RESOLVED that, effective as of January 1, 2008, the amendment to the MH 401(k) Plan in substantially the form set forth in Exhibit A, attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of January 1, 2008, the amendment to the S&P 401(k) Plan in substantially the form set forth in Exhibit B, attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that the amendment and restatement of each of the 401(k) Plans, effective January 1, 2007, unless otherwise provided, with amendments through the date hereof, incorporating the amendments to the 401(k) Plans attached hereto shall be and hereby is each adopted;

FURTHER RESOLVED that the proper officers of the Corporation shall be and hereby are authorized and directed to (a) notify participants in the 401(k) Plans of the resolutions approved herein as may be appropriate or required by applicable law and (b) take such other steps as may be necessary, proper or desirable to carry out the intent of these preambles and resolutions, including, without limitation, the filing of any forms required to be filed with the Internal Revenue Service, the distribution of employee notices, adoption of amendments to the 401(k) Plans and the taking of such action or delivery of any such document or instrument to be conclusive evidence that the taking of such action or execution and delivery of any such document or instrument was deemed necessary and appropriate in connection with the actions contemplated hereby; and

FURTHER RESOLVED that all actions taken on behalf of the Corporation by any officer, employee, director or agent of the Corporation prior to the date hereof in connection with any and all of the above resolutions are hereby expressly confirmed, approved, ratified and adopted as the actions of the Corporation, effective as of the applicable date or dates thereof.

2

PA000201

## Exhibit A

### Amendment One to the
### 401(k) Savings and Profit Sharing Plan of
### The McGraw-Hill Companies, Inc. and Its Subsidiaries

The 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*MH 401(k) Plan*"), amended and restated as of January 1, 2007 unless otherwise provided, is clarified, effective January 1, 2008 as set forth below:

1.      Leaves of Absence and Severance.     Effective January 1, 2008, Section 12.2 is clarified by adding the following at the end thereof:

Effective January 1, 2008, during the period of a Participant's Disability Leave, the Participant will be eligible to receive a Profit Sharing Contribution, if any, pursuant to Section 5.2, and will be deemed to have Plan Earnings equal to the compensation which is taken into account for purposes of calculating the Participant's disability benefit under an employer-sponsored long-term disability plan.

*     *     *     *     *

Except as set forth herein, the MH 401(k) Plan remains in full force and effect.

A-1

Exhibit B

**Amendment One to the
Standard & Poor's 401(k) Savings and Profit Sharing Plan
for Represented Employees**

The Standard & Poor's 401(k) Savings and Profit Sharing Plan for Represented Employees (the "*S&P 401(k) Plan*"), amended and restated as of January 1, 2007 unless otherwise provided, is clarified, effective January 1, 2008 as set forth below:

1.      Leaves of Absence and Severance.    Effective January 1, 2008, Section 12.2 is clarified by adding the following at the end thereof:

Effective January 1, 2008, during the period of a Participant's Disability Leave, the Participant will be eligible to receive a Profit Sharing Contribution, if any, pursuant to Section 5.2, and will be deemed to have Plan Earnings equal to the compensation which is taken into account for purposes of calculating the Participant's disability benefit under an employer-sponsored long-term disability plan.

* * * * *

Except as set forth herein, the S&P 401(k) Plan remains in full force and effect.

B-1

PA000203

THE MCGRAW-HILL COMPANIES, INC.

(Adopting Amendments to the MH 401(k) Plan and the S&P 401(k) Plan)

**Subject:** Adoption of amendments to certain employee benefit plans of The McGraw-Hill Companies, Inc. as set forth below:

1. The 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries ("*MH 401(k) Plan*"); and

2. The Standard & Poor's 401(k) Savings and Profit Sharing Plan for Represented Employees ("*S&P 401(k) Plan*", and together with the MH 401(k) Plan, the "*401(k) Plans*").

**Recommendation:** That the resolutions and amendments (attached hereto as Exhibits A and B) to the 401(k) Plans, effective as of the date hereof, be adopted.

The amendments to the 401(k) Plans are summarized as follows:

**Background:** Effective as of the date hereof, the 401(k) Plans are amended to provide that the 401(k) Plans will not accept as a rollover contribution the portion of an Eligible Rollover Distribution attributable to after-tax contributions.

The amendment to the MH 401(k) Plan is attached as Exhibit A and the amendment to the S&P 401(k) Plan is attached as Exhibit B.

The amendments have been prepared by outside counsel, Shearman & Sterling LLP.

**Recommended by:** _____ Date: May 22, 2008
Marty Martin
Vice President
Employee Benefits

**Approved on Behalf of the**
**Board of Directors of The**
**McGraw-Hill Companies, Inc.:** _____ Date: May 22, 2008
David Murphy
Executive Vice President
Human Resources

NYDOCS01/1169535.3

### Resolutions Regarding Certain Retirement Plans of
### The McGraw-Hill Companies, Inc.

WHEREAS, The McGraw-Hill Companies, Inc. (the "*Corporation*") sponsors and maintains the 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*MH 401(k) Plan*") and the Standard & Poor's 401(k) Savings and Profit Sharing Plan for Represented Employees (the "*S&P 401(k) Plan*" and together, the "*401(k) Plans*");

WHEREAS, Section 18.1 of each of the MH 401(k) Plan and the S&P 401(k) Plan provides that the Executive Vice President, Human Resources of the Corporation may amend such plans at any time;

WHEREAS, the Corporation believes it is appropriate and desirable to amend the 401(k) Plans, effective as of the date hereof, to provide that such plans will not accept as rollover contributions the portion of an Eligible Rollover Distribution attributable to after-tax contributions to the 401(k) Plans, such amendments to be incorporated into the January 1, 2007 restatements of each of the 401(k) Plans;

NOW, THEREFORE, BE IT:

RESOLVED that, effective as of the date hereof, the amendment to the MH 401(k) Plan in substantially the form set forth in Exhibit A, attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that, effective as of the date hereof, the amendment to the S&P 401(k) Plan in substantially the form set forth in Exhibit B, attached hereto and incorporated herein by reference, shall be and hereby is adopted;

FURTHER RESOLVED that when incorporating the amendments set forth in Exhibits A and B into the 401(k) Plans, the administrator of the 401(k) Plans shall be authorized to insert the actual date of adoption;

FURTHER RESOLVED that the proper officers of the Corporation shall be and hereby are authorized and directed to (a) notify participants in the 401(k) Plans of the resolutions approved herein as may be appropriate or required by applicable law and (b) take such other steps as may be necessary, proper or desirable to carry out the intent of these preambles and resolutions, including, without limitation, the filing of any forms required to be filed with the Internal Revenue Service, the distribution of employee notices, adoption of amendments to the 401(k) Plans and the taking of such action or delivery of any such document or instrument to be conclusive evidence that the taking of such action or execution and delivery of any such document or instrument was deemed necessary and appropriate in connection with the actions contemplated hereby; and

FURTHER RESOLVED that all actions taken on behalf of the Corporation by any officer, employee, director or agent of the Corporation prior to the date hereof in connection with any and all of the above resolutions are hereby expressly confirmed, approved, ratified and adopted as the actions of the Corporation, effective as of the applicable date or dates thereof.

PA000205

Exhibit A

Amendment One to the
401(k) Savings and Profit Sharing Plan of
The McGraw-Hill Companies, Inc. and Its Subsidiaries

The 401(k) Savings and Profit Sharing Plan of The McGraw-Hill Companies, Inc. and Its Subsidiaries (the "*MH 401(k) Plan*"), amended and restated as of January 1, 2007 unless otherwise provided, is amended, effective as of the date hereof as set forth below:

I.    Rollover Contributions. Effective as of the date hereof, Section 4.4(c) is amended in its entirety as follows:

(c) Effective as of [DATE OF ADOPTION], each Participant or Eligible Employee may arrange for a direct rollover of an Eligible Rollover Distribution from (i) a qualified plan described in Section 401(a) or 403(a) of the Internal Revenue Code excluding any portion thereof attributable to employee after-tax contributions, (ii) an annuity contract or custodial account described in Section 403(b) of the Internal Revenue Code or (iii) a plan described in Section 457(b) of the Internal Revenue Code which is maintained by a state, political subdivision of a state or any agency as instrumentality of a state or political subdivision of a state to the Plan in accordance with systems and procedures approved by the Plan Administrator.

\* \* \* \* \*

Except as set forth herein, the MH 401(k) Plan remains in full force and effect.

PA000206

S&S DRAFT

Exhibit B

**Amendment One to the**
**Standard & Poor's 401(k) Savings and Profit Sharing Plan**
**for Represented Employees**

The Standard & Poor's 401(k) Savings and Profit Sharing Plan for Represented Employees (the *"S&P 401(k) Plan"* "), amended and restated as of January 1, 2007 unless otherwise provided, is amended, effective as of the date hereof as set forth below:

1.    Rollover Contributions.  Effective as of the date hereof, Section 4.4(c) is amended in its entirety as follows:

(c)  Effective as of [DATE OF ADOPTION], each Participant or Eligible Employee may arrange for a direct rollover of an Eligible Rollover Distribution from (i) a qualified plan described in Section 401(a) or 403(a) of the Internal Revenue Code excluding any portion thereof attributable to employee after-tax contributions, (ii) an annuity contract or custodial account described in Section 403(b) of the Internal Revenue Code or (iii) a plan described in Section 457(b) of the Internal Revenue Code which is maintained by a state, political subdivision of a state or any agency as instrumentality of a state or political subdivision of a state to the Plan in accordance with systems and procedures approved by the Plan Administrator.

\* \* \* \* \*

Except as set forth herein, the S&P 401(k) Plan remains in full force and effect.

Draft: May 22, 2008